Green, J.,
delivered the opinion of the court.
This bill is brought to redeem a negro man slave, mortgaged by the complainant to the defendant, Jones, the 10th of October, 1825, to secure the payment of the sum of four hundred dollars.
Jones sold the negro to Wooland in January, 1830, who in 1832 sold him to Neville, by whom he was, in June, 1832, sold to the defendant, Love. All the defendants, who have successively purchased and had possession of the negro, have claimed an absolute right to him, and have held possession for themselves respectively and adversely to all other persons.
More than three years having elapsed from the time Jones sold the negrp to Wooland in 1830, before the bill was filed in 1837, the statute of limitations is a bar to the relief the bill seeks against Wooland and Love, and confers upon Love, who is now in possession of the negro, a perfect title. These persons, although they may have known of the complainant’s equity, and thereby may have been by operation of law, trustees for him, may nevertheless avail themselves of the benefit of the statute of limitations; for nothing is better settled than that the statute runs in favor of a party, who is created a trustee by implication of law.
There is no contract between Wooland and Love and the complainant, and it is because the Jaw will not permit them to acquire a title to the negro by purchase from Jones, with a knowledge of the complainant’s equity of redemption, that it holds them liable as trustees. Although, therefore, they could not set up their title, acquired by purchase from the mortgagee, in bar of the equity of redemption, because it would be a fraud upon the complainant to permit them to do so, yet as they in fact have held possession adversely and for themselves, and not in subordination to, or consistently with the complain *517 ant's right, the statute of limitations has operated in their favor and perfected their title.
But the statute of limitations does not run in favor of the mortgagee, as this court has often decided. Overton vs. Bigelow, 3 Yer. Rep. 513; Hammond vs. Hopkins, 3 Yer. Rep. 525; Yarborough vs. Newel, 10 Yer. Rep. 276.
In the last case the court decided, that the mere possession of the mortgaged property by the mortgagee, for any length of time, short of that which affords a presumption of right, will not authorize him to plead the statute of limitations; but as all the members of the court were not satisfied that possession of the mortgaged property by the mortgagee, accompanied with an open declaration, known to the mortgagor, that the right of redemption was resisted, would not operate a bar to that right, within the time fixed by the statute of limitations, that question was left undetermined. But now, upon a reconsideration of the question, we are all of opinion, that even in this latter case, the equity of redemption would not be barred.
The relation of mortgagor and mortgagee stands upon grounds peculiar to itself. It is not the case of an ordinary express trust, nor to be governed by the same rules. The mortgagee has a right to the possession of the property. He holds it for himself from the first, and not for the mortgagor. The mortgagor’s right to redeem, does not depend upon the mortgagee’s possession. He may file his bill to redeem, as well if he have possession of the property himself, as if the mortgagee possess it. If therefore the mortgagee’s denial of the right of redemption, he being in possession, would enable him to plead the statute of limitations, if a bill were not filed in three year’s afterward, the same consequence would follow, if, while the mortgagor should retain possession, the mortgagee, were to declare he should not redeem. But for such an absurdity, no one would contend; and yet, we think the doctrine insisted on would lead to this result.
Again, if the mortgagee’s possession of the mortgaged slave for three years would bar the equity of redemption, he might sue the mortgagor at law and recover the money he had advanced upon the mortgage; and thus, by virtue of the contract, he would undoubtedly have a right to the money, *518 and by virtue of the statute of limitations, a right to the negro. Nor would the mortgagor have any better ground to enjoin a recovery of the money, by alledging, that his negro had become the property of the mortgagee by the statute of limitation, than a party who may be sued upon a bond, would have to enjoin it, by alledging, that he had an account against the plaintiff, which though just had been barred by the statute.
Note. As to the general doctrine of the limitation of equitable demands, seethe opinion of Sir William Grant in Cholmondcley vs. Clinton, the 3d point, 2 Merivale, 357 ; and the opinions of Sir Thomas Plumer, in the same case, 2 Jac. &Walk. 141,157. On the latter page, he says — “Whenever a bar has been Jixed by the statute to the legal remedy in a court of law, the remedy in a court of equity has, in the analogous cases, been confined to the same ‘period” In Bond vs. Hopkins, 1 Sch. & Lef. 412, Ld. Redesdale says, p. 429, — “If the equitable title be not sued upon within the lime within which a legal title of the same nature ought to be sued upon to prevent the bar created by the statute, the court, acting by analogy to the statute will not relieve. If the party be guilty of such laches m prosecuting his equitable title as would bar him if his title were solely at law he shall be bound in equity; but that is all the operation this statute has or ought to have on proceedings in equity.,J Lewin on Trusts and ^Trustees, c. 28.
2. As to the limitation of direct trusts, see Angelí on limitations, 136 and cases referred to; Lewin on Trusts and Trustees, c. 28, and authorities cited.
3. As to the application of the statute of limitatations to equities of redemption as between the mortgagor and a purchaser from the mortgagee with notice, see Piatt vs. Vat tier, 9 Peter, 405. The facts are clearly and briefly stated by Judge Story, p. 413.
4. Asto,the effect of lapse of time on equities of redemption, see 2 Merivale, 35*7, et seq.
We therefore think, that no length of possession, short of that which affords a presumption of right, will bar the equity of redemption.
The decree must be reversed, and a decree rendered for the complainant against Jones. The negro will be delivered up in two months, or in default thereof, the complainant will be entitled to his value, estimating it at the time the decree is pronounced, together with a reasonable allowance for hire, deducting the $400 and interest.